**SIGNED THIS: January 30, 2015**

_____
**Mary P. Gorman
United States Chief Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re | ) | |
| | ) | Case No. 14-91176 |
| CALEB EDWARD HENDERSON and | ) | |
| ASHLEY MARIE KESTELOOT, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |

# O P I N I O N

Before the Court is the Trustee's Objection to Debtors' Claim of Exemption. The Debtor, Caleb Henderson, was injured in a vehicle accident and has settled his personal injury claim for $50,000. After payment of attorney's fees, costs, and medical liens, approximately $25,000 will be left, and the Debtors have jointly claimed that full amount as exempt. The Trustee has objected, claiming that because only Mr. Henderson was injured, the exemption in the personal injury

settlement must be limited to $15,000. The Debtors claim that because his wife, Ashley Kesteloot, is his dependent, she is entitled to claim a separate, additional exemption in the settlement proceeds even though she did not suffer any personal injury. For the reasons set forth below, the Trustee's Objection will be sustained.

## I. Factual and Procedural Background

Caleb Henderson and Ashley Kesteloot ("Debtors") filed their voluntary petition under Chapter 7 on October 13, 2014. On their Schedule B, the Debtors listed "[p]ersonal injury settlement, Caleb" which they claimed was a joint asset with a value of $25,000. On their Schedule C, they claimed the entire $25,000 as exempt pursuant to the Illinois exemption for payments received on account of personal bodily injury. 735 ILCS 5/12-1001(h)(4). The Debtors have acknowledged that the total settlement is $50,000 and that the $25,000 scheduled value is based on the expected net available after attorney's fees, costs, and medical liens are deducted.

The Debtors do not dispute that only Mr. Henderson was injured in the accident giving rise to the settlement payment. Ms. Kesteloot was not involved in the accident and sustained no personal injuries. Further, although Ms. Kesteloot originally argued that part of the settlement represented her claim for loss of consortium, she now concedes that she made no claim for loss of consortium during the litigation or settlement process. No part of the settlement payment represents a payment to Ms. Kesteloot for any injury or damage suffered by her.

The Trustee objected to the Debtors' claimed exemption of the full $25,000.

He asserted that the exemption is limited to $15,000 and that only Mr. Henderson was entitled to an exemption in the settlement proceeds. The Debtors responded that the statute allows an exemption in payments on account of bodily injury to a person upon whom a debtor is dependent and therefore Ms. Kesteloot may also claim part of the settlement proceeds exempt.

The parties have fully briefed and argued the issues. The matter is ready for decision.

## II. Jurisdiction

This Court has jurisdiction over the issues presented here pursuant to 28 U.S.C. §1334. Determination of the allowance of an exemption is a core proceeding. *See* 28 U.S.C. §157(b)(2)(B).

## III. Legal Analysis

The Debtors' claim of exemption in the personal injury settlement is based on Illinois law which provides:

> §12-1001. Personal property exempt. The following personal property, owned by the debtor, is exempt from judgment, attachment, or distress for rent:
>
> . . . .
>
> (h) The debtor's right to receive, or property that is traceable to:
>
> . . . .
>
> (4) a payment, not to exceed $15,000 in value, on account of personal bodily injury of the debtor or an individual of whom the debtor was a dependent[.]

-3-

735 ILCS 5/12-1001(h)(4).

The Debtors' use of the Illinois exemptions statute is required because they are Illinois residents, and Illinois has opted out of the federal exemption provisions. 735 ILCS 5/12-1201.

The Trustee does not dispute that Mr. Henderson is entitled to a $15,000 exemption in the personal injury settlement proceeds. He argues only that Ms. Kesteloot is not entitled to claim an additional exemption in those proceeds. Ms. Kesteloot focuses her argument on the fact that she is a dependent of her husband and therefore believes that she is entitled to claim part of his personal injury settlement proceeds exempt. The Trustee agrees that, generally, husbands and wives are considered to be mutually dependent. *See In re Burns*, 2000 WL 33950121, at *1 (Bankr. C.D. Ill. Mar. 21, 2000); *In re McLaren*, 227 B.R. 810, 813 (Bankr. S.D. Ill. 1998). But Ms. Kesteloot's status as a dependent of Mr. Henderson is not enough to entitle her to claim an exemption in his personal injury settlement. She must have an ownership interest in the property she claims as exempt and here she does not have that interest. 735 ILCS 5/12-1001.

The introductory language of the personal property exemption statute limits exemption claims to property "owned by the debtor[.]" *Id*. Ownership is a threshold requirement to claiming an exemption. *In re Hamilton*, 2010 WL 3909240, at *2 (Bankr. S.D. Ill. Sept. 29, 2010). Here, the stipulated fact is that Ms. Kesteloot has no direct claim of ownership or entitlement to the settlement proceeds. Accordingly, she can claim no exemption in such proceeds.

The Debtors filed a joint case which they were authorized to do because they

are married spouses. 11 U.S.C. §302(a). But the filing of a joint petition does not automatically result in consolidation of the Debtors' estates. 11 U.S.C. §302(b). The filing of a joint petition results in the creation of two separate bankruptcy estates. *Hamilton*, 2010 WL 3909240, at *3; *In re Jorczak*, 314 B.R. 474, 480 n.8 (Bankr. D. Conn. 2004). And neither the joint petition nor the joint administration of the estates creates ownership of property in a debtor which did not exist pre-petition. *See Hamilton*, 2010 WL 3909240, at *3 (property wholly owned by a spouse is not property of a debtor's estate, and a debtor cannot exempt property from the estate which was not an asset of the estate in the first place); *Unsecured Creditors Committee v. Leavitt Structural Tubing Co.*, 55 B.R. 710, 711-12 (N.D. Ill. 1985) (joint administration is merely a matter of convenience and cost saving; it does not create substantive rights). The Debtors' estates remain separate. The non-exempt amounts of the personal injury settlement proceeds will be distributed to Mr. Henderson's creditors. Either the Trustee or Mr. Henderson may object to claims filed by creditors of Ms. Kesteloot alone sharing in the distribution of the settlement proceeds.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###